UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT LEE HARDING,<br><br>        Plaintiff,<br><br>   v.<br><br>YOAST, et al.,<br><br>        Defendants. | No. 2:16-cv-0640 KJN P<br><br>ORDER TO SHOW CAUSE |

Plaintiff is an inmate housed in the Rio Cosumnes Correctional Center, proceeding without counsel. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On April 4, 2016, plaintiff was ordered to file a completed application to proceed in forma pauperis. Plaintiff has now submitted the completed application.

In his complaint, plaintiff alleges that defendant Yoast retaliated against plaintiff for attempting to file a grievance concerning his medical care by insisting that plaintiff needed to make the grievance "disappear" or plaintiff would be put in the "loop," described as where jail staff deny the inmate a bunk by moving the inmate from holding tank to holding tank between jail branches. (ECF No. 1 at 4-5.) Defendant Yoast further threatened plaintiff by telling him that if he made any complaint against Yoast, there is nowhere in the jail system that plaintiff could not be touched by Yoast. (ECF No. 1 at 5.) As a result, defendant Yoast made plaintiff fear for his personal safety. (Id.) Plaintiff included no charging allegations as to the other named defendant.

1

1    The Prison Litigation Reform Act of 1995 (the "PLRA"), 42 U.S.C. § 1997e(a), requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. Booth v. Churner, 532 U.S. 731, 733-34, 121 S. Ct. 1819 (2001). "[F]ederal courts may not consider a prisoner's civil rights claim when a remedy was not sought first in an available administrative grievance procedure." Panaro v. City of North Las Vegas, 432 F.3d 949, 954 (9th Cir. 2005); see also 42 U.S.C. § 1997e(a) ("No action shall be brought . . . until such administrative remedies as are available are exhausted."). A prisoner must pursue a remedy through all levels of the grievance process "as long as some action can be ordered in response to the complaint," Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005), regardless of the ultimate relief offered through such procedures. Booth, 532 U.S. at 741. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

Congress' objectives in enacting the PLRA were identified by the Supreme Court as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (internal quotation marks and citations omitted). Accordingly, the Ninth Circuit has held that "a district court must dismiss a case without prejudice when there is no *presuit* exhaustion, even if there is exhaustion while suit is pending." Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) (quotation marks omitted); see also Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) ("Because [plaintiff] did not exhaust his administrative remedies prior to sending his complaint to the district court, the district court must dismiss his suit without prejudice . . . [Plaintiff] may initiate litigation in federal court only after

1 the administrative process ends."); McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) (per
2 curiam) ("'Congress could have written a statute making exhaustion a precondition to judgment,
3 but it did not.  The actual statute makes exhaustion a precondition to suit.'") (quoting Perez v.
4 Wis. Dep't of Corr., 182 F.3d 532, 534-35 (7th Cir. 1999)).

5      While exhaustion is normally a precondition to suit, the PLRA does not require
6 exhaustion "when circumstances render administrative remedies 'effectively unavailable.'" Sapp
7 v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010).  Courts in the Ninth Circuit require prisoners to
8 make good-faith efforts to exhaust administrative remedies before finding remedies effectively
9 unavailable. See Sapp, 623 F.3d at 823-24 (to fall within an exception to exhaustion requirement,
10 "a prisoner must show that he attempted to exhaust his administrative remedies but was
11 thwarted").

12      "[T]he PLRA does not require that a prisoner's federal court complaint affirmatively
13 plead exhaustion." Nunez v. Duncan, 591 F.3d 1217, 1223-24 (9th Cir. 2010) (citing Jones v.
14 Bock, 549 U.S. 199, 212-17, 127 S. Ct. 910 (2007)).  Generally, failure to exhaust is an
15 affirmative defense that requires the defendant, following service of the complaint, to prove that a
16 plaintiff failed to exhaust his administrative remedies by showing that administrative remedies
17 were available but not used.  However, "[a] prisoner's concession to nonexhaustion is a valid
18 ground for dismissal, so long as no exception to exhaustion applies." Wyatt v. Terhune, 315 F.3d
19 1108, 1120 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162 (9th
20 Cir. 2014).  In such circumstances, a court may dismiss an action for failure to exhaust
21 administrative remedies on its own motion. See Bennett v. King, 293 F.3d 1096, 1098 (9th Cir.
22 2002) (affirming district court's *sua sponte* dismissal of prisoner's complaint for failure to
23 exhaust administrative remedies); White v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997) (same);
24 see also Jones, 549 U.S. at 216 (fact that exhaustion is not explicitly included among section
25 1915A's enumerated grounds for dismissal "is not to say that failure to exhaust cannot be a basis
26 for dismissal for failure to state a claim"); Mojas v. Johnson, 351 F.3d 606, 609-10 (2d Cir. 2003)
27 ("[W]e can perceive no reason why a court should be prohibited from dismissing actions in
28 violation of [the PLRA's exhaustion] mandate on its own motion . . . [if the district court

establishes] from a legally sufficient source that an administrative remedy is applicable and that the particular complaint does not fall within an exception.") (internal quotation marks omitted).

Here, plaintiff admits that there is a grievance procedure at Rio Cosumnes Correctional Center, yet concedes that he did not present the facts relating to his complaint in the grievance procedure. (ECF No. 1 at 2.) Rather, plaintiff states that he filed a civilian complaint with Internal Affairs. (Id.)

Therefore, plaintiff is ordered to show cause why this action should not be dismissed without prejudice and without leave to amend for failure to exhaust administrative remedies. To demonstrate good cause, plaintiff must show why the grievance process was "effectively unavailable" prior to plaintiff filing the instant action. Plaintiff is cautioned that the filing of a citizen's complaint does not serve the same purpose as the PLRA's exhaustion requirement and does not satisfy the requirement of exhausting available administrative remedies. See Evans v. Woodford, 2008 WL 5114653, at *2 (E.D. Cal. Dec. 4, 2008) ("citizen's complaint may not be used by a prisoner to comport with controlling law that requires proper exhaustion: as defined here by the CDCR."); McCoy v. Schirmer, 2006 WL 845630, at *3 (E.D. Cal. March 30, 2006) ("The filing of a citizen's complaint under California Penal Code § 832.5 does not serve the same purpose and in any event cannot constitute exhaustion of available administrative remedies for California state prisoners since state law provides an inmate appeal system specifically for prisoners."); Townes v. Paule, 407 F.Supp.2d 1210, 1218 (S.D. Cal. 2005) (rejecting Towne's contention that by filing under oath a citizens complaint under § 3391(b) of the California Code of Regulations, Title 15 he had satisfied the underlying purpose of § 1997e(a) because the complaint was sworn under oath and was investigated by Internal Affairs thereby providing a more fair and meaningful investigation of his complaint). Rather, plaintiff must have made good faith, diligent efforts to exhaust his claims prior to filing in federal court.

In the alternative, plaintiff may request a voluntary dismissal of this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. Plaintiff is cautioned that failure to file a timely response to this order will result in the dismissal of this action, without prejudice, for failure to exhaust administrative remedies.

1    Accordingly, IT IS HEREBY ORDERED that within fourteen days from the date of this
2 order, plaintiff shall show cause why this action should not be dismissed, without prejudice, for
3 failure to exhaust administrative remedies, or request voluntary dismissal of this action pursuant
4 to Rule 41(a).

Dated: May 24, 2016

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hard0640.osc.fte