UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOOKER T. HILLERY, | No. 2:16-cv-0460 CKD P |
| Plaintiff, | |
| v. | ORDER |
| BRIAN DUFFY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's amended complaint is now before the court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989); Franklin, 745 F.2d at 1227.

5      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
6  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
7  support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467
8  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
9  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under
10 this standard, the court must accept as true the allegations of the complaint in question, Hospital
11 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
12 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
13 McKeithen, 395 U.S. 411, 421 (1969).

14     The court has conducted the required review of plaintiff amended complaint and finds the
15 allegations in plaintiff's amended complaint are again so vague and conclusory that it fails to state
16 a claim upon which relief can be granted. The amended complaint must be dismissed. However,
17 the court will grant plaintiff one final opportunity to state a claim upon which relief can be
18 granted in a second amended complaint.

19     If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how
20 the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or
21 statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff again asserts he has
22 been denied adequate medical care, but he fails to allege defendants acted with anything more
23 than negligence rather than the deliberate indifference required to state a claim under the Eighth
24 Amendment. As plaintiff has been previously informed, in order to state a claim for inadequate
25 medical care under the Eighth Amendment, plaintiff must allege facts showing a defendant was,
26 at minimum, deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97,
27 104-05 (1976).
28 /////

Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: June 28, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hill0460.14(a)

3